Judge Owslev
delivered the opinion.
This writ of error is prosecuted to reverse a judgment rendered in favor of Adams, by the circuit court, on tbe trial of a traverse under the law regulating proceedings in cases of forcible entries and detainers.
The Haynes were plaintiffs in the warrant, and on the trial of the traverse, produced and read in evidence to the jury a lease for tbe land in contest to Henry Banister for the term of ten years, bearing date the 19*h of April, 1808, and signed and sealed by the plaintiff, Jonathan Haynes, aDd tbe defendant Banister; and were about to read to the jury the following assignment on the back of tbe lease, viz: “November the 6th, 1809, I assign all my right and title of the within lease to Richard Adams, for value received of him, as witness my hand and seal. Henry Banister.” The defendant, Adams, admitted the execution of the assignment bv Banister, but objected to the assignment being used in evidence; and the court sustained the objection, and rejected the assignment.
Tbe plaintiff then offered to read to the jury a letter written the 7th of September, 18J 0, by the defendant, Adams. to the plaintiff, Jonathan Haynes, in the following words: “Sir, l am living or, your land at this time, and expect to live on the land, until the lease is out, that you let *150 Richard Adams have for ten years, which lease is now in my poss ssion Jonathan Bauisler is living on the land— there is about twenty acres cleared on said land. I expect to continue clearing, &c, should be glad to purchase said land if l ean make payment suitable If you propose selling for trade, you can write me word on what terms you will sell Yours, — Richard Adams.” And after the letter was proven to have been written by Adams, and sent by him to the plaintiff, Jonathan Haynes, the defendant objected to its being read in evidence; and the objection was also sustained, and the letter excluded from the jury. Exceptions were taken to the opinion of the court on each of these points, and the lease, assignment and letter spread upon the record.
The assignment of errors question the decision cf tbe court, as well in excluding the letter, as in rejecting the assignment from being used in evidence to the jury.
We think both the assignment and letter should have been permitted to go in evidence to the jury. The assignment, it is true, appears not to have been sealed by Banister, and as more than three years of the lease remained at the date of the assignment, under the law regulating conveyancing, the assignment cannot have had tbe operation of transferring to Adams the legal title to the term unexpired in the leased premises. But to enable tbe plaintiff to maintain a writ of forcible detainer against Adams for refusing to restore the possession after the expiration of the lease, it cannot be important whether or not the assignment passed the title to Adams in the residue of the term. It is sufficient that Adams entered upon tbe land as tenant to the plaintiffs; and as conducing to shew that he entered in that character, we apprehend the assignment and letter should have been allowed to go in evidence For although by (he assignment the title may not have passed to Adams, yet by entering upon the land under the assignment, he must, as is clearly indicated by his letter, have entered in the character of tenant to Haynes, and whenever the person in possession enters as tenant to the plaintiff, or those under whom he claims, a writ of forcible detainer may be sustained for a refusal to restore tbe possession after the expiration of the term. It is true, the lease appears to have been given to Banister by Jonathan Haynes, and the letter was also addressed to him and not to both of the plaintiffs: but that circumstance cannot have formed a sufficient cause *151 for excluding the assignment and letter from being used in evidence. To authorise a recovery under a joint warrant, both of the Haynes must, no doubt, be shewn to have an interest in the land leased; but that interest might have been shewn by other evidence, and by excluding the assignment and letter, they may have been induced not to offer evidence of the interest of Nathan Haynes. The Haynes may either be co-partners or joint tenants in the land; and if so, as the entry of one upon the land would, by construction of law, enure to the benefit of both, a person entering as the tenant of either, should, by construction of law, be construed to have entered as the tenant of both, so as to authorise both to unite in an action to recover the possession.
Pope for plaintiff in error, Hardin and Talbot for defendant.
The judgment must be reversed with costs, the cause remanded to the court below, and further proceedings had not inconsistent with this opinion.